UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MORRIS BUILDERS, L.P. a/k/a MORRIS  :
INDUSTRIAL BUILDERS, L.P.,          :
                                    :     **OPINION AND ORDER**
                Plaintiff,      :
                                    :     16 CV 9114 (VB)
v.                                  :
                                    :
FIDELITY NATIONAL TITLE INSURANCE   :
COMPANY, FIRST AMERICAN TITLE       :
INSURANCE COMPANY, and              :
COMMONWEALTH LAND TITLE             :
INSURANCE COMPANY,                  :
                                    :
                Defendants.     :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Morris Builders, L.P. a/k/a Morris Industrial Builders, L.P., brings this action against defendants Fidelity National Title Insurance Company ("Fidelity"), First American Title Insurance Company ("First American"), and Commonwealth Land Title Insurance Company ("Commonwealth"), asserting claims for declaratory relief and breach of contract.

    Now pending is plaintiff's motion for leave to amend the complaint and to add a new party plaintiff, pursuant to Rules 15(a)(2) and 21. (Doc. #23).

    For the following reasons, the motion is GRANTED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

    For the purpose of deciding the pending motion, the Court accepts as true all well pleaded factual allegations in the proposed amended complaint, as summarized below.

    Plaintiff is a real estate development company that recently became the owner of a parcel of land located on Austin Avenue in Yonkers, New York (the "Austin Avenue site").

1

Defendants Fidelity, First American, and Commonwealth are insurance companies that issue title insurance policies.

In 1985, plaintiff along with the County of Westchester (the "County"), the City of Yonkers ("Yonkers"), the County of Westchester Industrial Development Agency ("WIDA"), and the City of Yonkers Industrial Development Agency ("YIDA"), entered into a five-party agreement (the "five-party agreement"), which (i) "acknowledged" that the County owned twenty-five acres of the Austin Avenue site, and (ii) provided that WIDA would lease the entire Austin Avenue site to plaintiff under a long-term development lease. (Proposed Am. Compl. ¶ 11). Simultaneously, WIDA and plaintiff executed the lease agreement for the Austin Avenue site, which was subsequently amended on June 18, 2017.

In 1989, defendants[1] issued to plaintiff title insurance policies covering the long-term development lease.

In 2011, plaintiff discovered what it considers a title defect—namely that portions of the Austin Avenue site covered by the five-party agreement, leased to plaintiff, and insured by defendants, were actually dedicated public parkland owned by Yonkers. On September 26, 2011, plaintiff put defendants on notice of the title defect, indicating plaintiff would file an action to quiet title, and requesting indemnification for costs associated with that action. Defendants responded that they would take "curative measures." (Proposed Am. Compl. ¶ 27).

On August 15, 2012, plaintiff entered into a sublease agreement with Target Corporation ("Target") as tenant to develop a Target retail store (the "Target sublease"). Under the Target sublease, plaintiff agreed to lease to Target a portion of the land plaintiff leased from WIDA.

---

[1] According to plaintiff, "[d]efendants, upon information and belief, are successors in interest, by merger or acquisition to [the original issuers of the title insurance policies:] Commonwealth Land Title Insurance Company, First American Title Insurance Company of New York and/or Lawyers Title Insurance Company." (Proposed Am. Compl. ¶ 7).

This parcel of land ("Lot 4") contained the previously discovered title defect that was insured by defendants and from which plaintiff had been evicted because of the title defect.

On March 18, 2014, plaintiff commenced a federal action (the "prior action") against the County, WIDA, Yonkers, and YIDA for, <u>inter alia</u>, breach of contract and to quiet title. On June 21, 2016, the parties entered a settlement agreement. Pursuant to that settlement, on June 30, 2016, plaintiff purchased the Austin Avenue site in fee simple through a corrective deed with Yonkers.

The same day it purchased the Austin Avenue site, plaintiff assigned the Target sublease to Morris Westchester Retail Associates, LLC ("MWR"), plaintiff's "subsidiary/affiliate" (Proposed Am. Compl. ¶ 45), and transferred to MWR the title to Lot 4. Plaintiff alleges MWR was created for the purpose of holding the lease to Lot 4 and acting as landlord to Target.

On January 3, 2017, after this action was commenced, Target notified plaintiff and MWR that it would terminate the Target sublease. On January 30, plaintiff paid a $250,000 break-up fee to Target on behalf of MWR. Target terminated the Target sublease on April 12. Plaintiff alleges Target terminated the Target sublease "because of the title defects, the failure of Defendants to cure, and their delay in curing, the title defects to the Insured Leasehold." (Proposed Am. Compl. ¶ 57).

Plaintiff now moves to add MWR as a plaintiff and to add factual allegations about the Target sublease and the damages attributable to the termination of the sublease.

## DISCUSSION

I. <u>Legal Standard</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." "Leave to amend, though liberally

3

granted, may properly be denied for 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court also has broad discretion to add or drop a party under Rule 21 of the Federal Rules of Civil Procedure, which states: "[T]he court may at any time, on just terms, add or drop a party." See Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y. 1986).

II. The Motion to Amend

Defendants argue amendment of the complaint would be futile for five principal reasons: (i) MWR lacks standing to sue under the title insurance policies; (ii) plaintiff lacks standing to recover for the breach of the Target sublease; (iii) the settlement in the prior action extinguished plaintiff's title insurance coverage; (iv) the proposed amended complaint fails to allege the title defects were the proximate cause of the breach of the Target sublease; and (v) the title insurance policies bar plaintiff from recovering damages for the Target sublease breakup fee.

The Court disagrees.

As an initial matter, amendment is futile when the proposed amended complaint could not withstand a motion to dismiss. See Milanese v. Rust–Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint or incorporated by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Applying this standard, the Court takes each of defendants' arguments in turn.

A. Standing

"[A] district court must generally . . . establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits" under Rule 12(b)(6). Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 85 (2d Cir. 2006). "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance. This inquiry involves 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014) (quoting Kowalski v. Tesmer, 543 U.S. 125, 128–29 (2004)). "The 'prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'" Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 84 (2d Cir. 2014) (quoting Warth v. Seldin, 422 U.S. 490, 509 (1975)). Thus, plaintiffs generally must assert their own legal rights and interests, and may not rest their claims to relief on the legal rights or interests of third parties. Id. at 84.

1. MWR

Defendants first argue MWR should not be added to the complaint because MWR was not a party to the title insurance policies and therefore lacks standing.

"[W]here the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify." Madeira v. Affordable Hous. Found., Inc., 469 F.3d 219, 251–52 (2d Cir. 2006) (quoting State of New York v. Am. Mfrs. Ins. Co., 188 A.D.2d 152, 155 (3d Dep't 1993)) (plaintiffs not named in the insurance contract lacked standing to sue insurer).

Here, the title insurance policies[2] limit coverage to the named insured and the insured's successors in interest. (Halpern Decl. Ex. B at 6). Defendants are correct that plaintiff does not allege MWR is a successor in interest to the title insurance policy. However, plaintiff alleges MWR is a nominal party only, and asserts MWR does not seek damages separate and apart from plaintiff.

Because of the liberal standards under Rules 15 and 21, and because there is no undue delay, bad faith, or prejudice to defendants,[3] plaintiff may amend the complaint to add MWR as a plaintiff.

2. Plaintiff's Standing to Recover Under the Target Sublease

Defendants argue plaintiff lacks standing to assert a claim for damages arising from the termination of the Target sublease because plaintiff assigned the sublease to MWR.

---

[2] Neither party submitted the actual insurance policies at issue in this matter. Plaintiff alleges the title insurance policies were issued on the standard 1975 ALTA form leasehold policy. (Proposed Am. Compl. ¶ 50.) Thus, in analyzing the sufficiency of the pleading, the Court uses the standard form contract.

[3] This determination is reinforced by the fact that the Court is also allowing plaintiff to amend to add facts related to the breach of the Target sublease.

The Court disagrees.

"Under New York insurance law, the plain language of an insurance policy is construed in light of common speech and the reasonable expectations of a businessperson." <u>U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.</u>, 823 F.3d 146, 150 (2d Cir. 2016) (internal citations omitted). Any ambiguity in the language is interpreted in favor of the insured. <u>See id</u>.

Here, under the language of the title insurance policy, plaintiff may recover for "damages which the insured may be obligated to pay to any sublessee on account of the breach of any sublease of all or part of the land caused by the eviction." (Halpern Decl. Ex. B at 11). Construing the language of the policy in favor of the insured, the policy appears to allow plaintiff to claim damages, including the breakup fee paid to Target, because plaintiff alleges it was obligated to pay that fee on account of the breach of the sublease. The policy does not explicitly require the insured to be a signatory to the breached sublease agreement so long as the insured was obligated to pay.

Because the Court concludes this motion to amend is an inappropriate means by which to adjudicate the precise meaning of the title insurance policy, it will permit plaintiff to amend the complaint to add facts about the Target sublease, without prejudice to defendants' right to dispute the meaning of the policy at a later stage of this case.

B. <u>Damages</u>

Defendants argue plaintiff cannot amend the complaint to add the Target sublease breakup fee to the damages sought because (i) plaintiff entered into a settlement agreement extinguishing plaintiff's leasehold interest in the property; (ii) the proposed amended complaint fails to allege the title defects proximately caused the breach of the Target sublease; and (iii) the terms of the title insurance policy bar recovery for the breach of the Target sublease.

7

The Court disagrees.

Where a plaintiff seeks to amend a complaint only to add more particularized or increased damages, the proposed amendment does not add a new claim. C.f. Borup v. Nat'l Airlines, Inc., 117 F. Supp. 475, 476–77 (S.D.N.Y. 1954) (amendment to add damages was not a "new claim" and therefore did not need to relate back for amended complaint to be timely).

A motion to amend will be denied as futile if the proposed amended complaint would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).

Here, because the proposed amended complaint does not seek to add a new claim at all, only additional damages, at this stage the Court will permit plaintiff to amend the complaint to add the damages it claims it incurred from the breach of the Target sublease. Defendants may, however, challenge plaintiff's damages on a motion for summary judgment or at trial.

## CONCLUSION

Plaintiff's motion for leave to amend the complaint and to add a new party plaintiff is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #23).

By November 8, 2017, plaintiff shall file its amended complaint.

Dated: November 1, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge